UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ANTHONY MCCORD,

                      Plaintiff,

           -v-

THE CITY OF NEW YORK, et al.,

                    Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 0 6 2014

13 Civ. 2008 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Defendant the City of New York's (the "City's") unopposed motion to dismiss pro se Plaintiff Anthony McCord's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. For the reasons that follow, the City's motion is granted in part and denied in part.

## I.    Background

    The following facts are taken from Plaintiff's complaint or judicially noticeable court documents. *See Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005).

    Plaintiff is currently incarcerated at Sing Sing Correctional Facility. In March 2010, two female witnesses informed New York City Police Department ("NYPD") Detective Patrick Angst that Plaintiff had entered their apartment, assaulted them, raped one of them, and stolen two laptop computers. Angst then swore out a criminal complaint against Plaintiff and arrested him following his identification by one of the witnesses. Def. Ex. B. Plaintiff was indicted by a Kings County grand jury, and on December 2, 2011, he was convicted of second-degree robbery, second-degree assault, first-degree burglary, and fourth-degree possession of stolen property. He was sentenced to a prison term of twenty-one years to life. Def. Ex. F.

1

On September 27, 2012, a panel of New York's Appellate Division, Second Department, granted Plaintiff's application for leave to prosecute an appeal in the form of a poor person and assigned him appellate counsel. Def. Ex. G. His appeal remains pending.

In this action, brought under 42 U.S.C. § 1983, Plaintiff raises constitutional challenges to several aspects of his arrest and prosecution. His complaint, which was filed on March 25, 2013, names as Defendants the City, the NYPD, Angst, and Detective Gary Denezzo. Plaintiff claims that Angst and Denezzo entered and searched his dwelling and seized his property without a warrant. Compl. ¶¶ 2–4.[1] He also claims that they ignored his repeated requests to have counsel present during his post-arrest interrogation and coerced him to sign a *Miranda* waiver. *Id.* ¶¶ 6. He further alleges that Angst and Denezzo induced the two witnesses to falsely accuse and testify against him, tampered with or failed to collect evidence of their search and seizure of his dwelling, and struck him in the head "without cause or justification for the use of such force." *Id.* ¶¶ 7–11. Plaintiff seeks $10 million in compensatory damages and $3 million in punitive damages.

Plaintiff's case was initially assigned to Judge Ramos, who granted Plaintiff leave to proceed *in forma pauperis* and dismissed his claims against the NYPD because the NYPD is not a suable entity. Dkt. Nos. 4, 7. Plaintiff submitted forms requesting that service on the remaining Defendants be effectuated by the U.S. Marshals; the ECF docket sheet indicates that the Marshals were able to successfully serve the City, but not Angst and Denezzo. Dkt. Nos. 9–11; *see also* Def. Br. at 1 n.1 (indicating that "[o]n information and belief, as of the date of this

---

[1] References to specific paragraphs of the complaint refer to the corresponding numbered paragraphs of the City's Exhibit A, which reproduces Plaintiff's original complaint but adds numbered paragraphs.

Motion, Detectives Angst and Denezzo have not yet been served"). The case was reassigned to the undersigned on August 6, 2013.

The City moved to dismiss on October 1, 2013, and the Court directed Plaintiff to either oppose the motion or amend his complaint by October 28, 2013. Dkt. No. 18. After that deadline passed without any submissions from Plaintiff, the Court gave him a final chance to amend or oppose by December 16, 2013. Dkt. No. 19. Plaintiff again failed to submit an opposition brief or amended complaint, and the Court deemed the City's motion fully submitted by order dated January 6, 2014. Dkt. No. 21.

## II.    Legal Standard

Although Plaintiff has not opposed the City's motion, that failure alone is not grounds for dismissal; "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). The Court must therefore evaluate Plaintiff's complaint and determine whether it survives the City's motion. Because Plaintiff is proceeding pro se, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While well-pleaded factual allegations must be accepted as true, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

3

(alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).  Therefore, in assessing whether a

pleading states a plausible claim to relief, courts disregard legal conclusions and "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*,

556 U.S. at 678.

## III.   Discussion

Construed broadly in Plaintiff's favor, the Complaint contains four claims.  The first is an

unlawful search and seizure claim: Plaintiff alleges that Defendants entered his home, searched

it, and seized his property, all without a warrant.  The second is a *Miranda* claim: Plaintiff

alleges that Defendants coerced him into making incriminating post-arrest statements without an

attorney present.  The third claim alleges that Defendants tampered with crime-scene evidence

and coerced the two witnesses to testify against him.  The final claim is an excessive force claim:

Plaintiff alleges that Defendants struck him in the head "without cause or justification."

### A.   Heck v. Humphrey

The Court agrees with the City that Plaintiff's third claim is barred by *Heck v. Humphrey*,

512 U.S. 477 (1994).  Under *Heck*, a state prisoner may not bring a § 1983 claim that will

"necessarily imply" the invalidity of his conviction unless his conviction has already been

invalidated.  *Id.* at 487.  Here, Plaintiff claims that the police coerced witnesses to testify against

him, fabricated evidence, and concealed evidence of their own misconduct.  At core, these

allegations implicate the protections established in *Brady v. Maryland*, 373 U.S. 83 (1963).[2]  *See*

*Amaker v. Weiner*, 179 F.3d 48, 49, 51 (2d Cir. 1999) (claim that defendants "conspired to secure

---

[2] To the extent that Plaintiff is alleging a malicious prosecution claim, not a *Brady* claim, he fails to state a claim
because an essential element of malicious prosecution is termination of the prosecution in the defendant's favor.  *See*
*Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010).  Nor could Plaintiff state a false arrest claim, for
similar reasons.  *See Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986).

plaintiff's conviction . . . by manufacturing inculpatory evidence and subsequently suppressing

evidence probative of their misconduct" sounded under *Brady* and was therefore barred); *see*

*also Poventud v. City of New York*, — F.3d — , 2014 WL 182313, at *9 (2d Cir. Jan. 16, 2014)

(en banc) (discussing *Amaker*).   Because a *Brady* violation requires a new trial, Plaintiff's claim

necessarily implies that his conviction was invalid.   *See Poventud*, 2014 WL 182313, at *8–9.

But Plaintiff's conviction has not already been invalidated; it is currently on appeal.   His claim is

therefore barred by *Heck*.

　　The City argues that Plaintiff's search and seizure and *Miranda* claims are similarly

barred, but *Heck*'s application to those claims is not as straightforward as the City suggests.   In

*Heck* itself, the Supreme Court recognized that the introduction at trial of unlawfully seized

evidence would "not *necessarily* imply that the plaintiff's conviction was unlawful"—for

instance, if the evidence was properly admitted notwithstanding the constitutional violation, or if

the admission of the evidence was erroneous but harmless.   512 U.S. at 487 n.7.   In other words,

because the admission of unlawfully seized evidence does not always require a conviction to be

set aside, a conclusion that evidence was unlawfully seized does not require the further

conclusion that the plaintiff's conviction was invalid.   The same logic applies to statements

obtained in violation of *Miranda*, because the admission of such statements does not inevitably

invalidate a resulting conviction.   *See Arizona v. Fulminante*, 499 U.S. 279, 310 (1991); *Jackson*

*v. Suffolk Cnty. Homicide Bureau*, 135 F.3d 254, 257 (2d Cir. 1998).

　　Determining whether Plaintiff's search and seizure and *Miranda* claims are barred by

*Heck* would therefore require a careful analysis of whether those claims, if proven, would

actually imply the invalidity of Plaintiff's conviction.   The Court is not equipped to conduct such

an analysis in this procedural posture because the parties have provided no basis from which to

assess whether any seized evidence or self-incriminating statements were "essential" to the prosecution's case. *Fifield v. Barrancotta*, 353 F. App'x 479, 481 (2d Cir. 2009); *see also, e.g.,* *Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999) ("[W]e are unable to determine whether success on Covington's Section 1983 false arrest claim would necessarily imply the invalidity of a possible conviction resulting from the criminal proceedings instituted against him based on that arrest, as we have no information before us as to the nature of the evidence which might have been available against him in those proceedings."), *overruled on other grounds by* *Wallace v. Kato*, 549 U.S. 384 (2007). As a result, the Court cannot conclude that *Heck* bars these claims.

The City advances no other arguments for dismissing Plaintiff's search and seizure claim, which does not suffer from any readily apparent defects that might justify dismissal. Because "[t]he evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all," the Second Circuit has held that a § 1983 plaintiff alleging an unlawful search or seizure may not recover compensatory damages stemming from his arrest or incarceration. *Townes v. City of New York*, 176 F.3d 138, 147–48 (2d Cir. 1999). Instead, such plaintiffs are limited to damages "directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc." *Id.* at 148. In this case, Plaintiff does not specify any injury related to the alleged invasion of his privacy; the thrust of his complaint is that he was "arrested and charged with several serious crimes." Compl. ¶ 12. But at this stage, the Court cannot conclusively hold that Plaintiff will be unable to prove properly recoverable damages, so dismissal would be premature. *See Gannon v. City of New York*, 917 F. Supp. 2d 241, 244 (S.D.N.Y. 2013); *Hayes v. Perotta*, 751 F. Supp. 2d 597, 604 (S.D.N.Y. 2010). Moreover, if Plaintiff fails to demonstrate compensable injury,

punitive or nominal damages may still be available for any Fourth Amendment violation that he succeeds in proving. *See Robinson v. Cattaraugus County*, 147 F.3d 153, 162 (2d Cir. 1998) ("We have long recognized in § 1983 cases that punitive damages may be awarded even in the absence of a compensatory award."); *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 651 (2d Cir. 1998) ("Although [plaintiff] did not specifically request nominal damages in its pleadings, we have not precluded the award of nominal damages . . . if the complaint explicitly sought compensatory damages."). The Court therefore denies the City's motion to dismiss Plaintiff's search and seizure claim.

### B.  Collateral Estoppel

By contrast, Plaintiff's *Miranda* claim fails for an independent reason: he is collaterally estopped from raising it. Plaintiff's allegations—that the police ignored his request for counsel and coerced him into signing a *Miranda* waiver—were the subject of a pre-trial evidentiary hearing, pursuant to *People v. Huntley*, 15 N.Y.2d 72 (1965), in the New York trial court. Def. Ex. E at 1. That court rejected Plaintiff's attempt to suppress his post-arrest statements because it found that he had knowingly and voluntarily waived his rights. *Id.* at 3–7.

Federal courts, including in § 1983 cases, are obliged to give the same effect to state-court criminal decisions "as would be given to those decisions by the law of the state in which the judgment was rendered." *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir. 1996); *see* 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 103–04 (1980). Under New York law, collateral estoppel applies when (1) there is "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action," and (2) the party against whom estoppel is raised had "a full and fair opportunity to contest the decision now said to be controlling." *Johnson*, 101 F.3d at 795 (quoting *Schwartz v. Public Adm'r of Bronx Cnty.*, 24 N.Y.2d 65, 71

(1969)) (internal quotation marks omitted).  As noted above, the issues raised in Plaintiff's

*Miranda* claim in this Court are identical to the ones decided by the New York trial court, and

there is nothing to suggest that Plaintiff did not have a "full and fair opportunity" to contest that

court's conclusions.  Accordingly, his *Miranda* claim is barred by collateral estoppel.[3]  *See*

*Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 426–27 (S.D.N.Y. 2012); *Mitchell v. Hartnett*,

262 F. Supp. 2d 153, 155 (S.D.N.Y. 2003).

### C.  Excessive Force

Finally, the City argues that Plaintiff's excessive force claim should be dismissed because

he fails to allege that he was injured when he was struck in the head.  Claims of excessive force

in the context of arrests are analyzed under a Fourth Amendment reasonableness standard: "the

question is whether the officers' actions are 'objectively reasonable' in light of the facts and

circumstances confronting them."  *Graham v. Connor*, 490 U.S. 386, 397 (1989).  Although

there is some inconsistency among lower courts on the question of how seriously a plaintiff must

be injured in order to prevail on a Fourth Amendment excessive force claim, *see Yang Feng*

*Zhao v. City of New York*, 656 F. Supp. 2d 375, 390–91 (S.D.N.Y. 2009) (discussing this issue),

the Second Circuit has recognized that some minimum amount of force must be shown.  *See,*

*e.g.*, *Robison v. Via*, 821 F.2d 913, 923 (2d Cir. 1987) (reversing denial of summary judgment

where evidence did not "come[] close to describing force that was injurious, malicious, or

excessive").  This requirement is consistent with the fact that "[n]ot every push or shove . . .

---

[3] The pendency of Plaintiff's appeal does not affect this conclusion. *See Robinson v. Allstate*, 706 F. Supp. 2d 320, 324–25 (W.D.N.Y. 2010); *Chi. Ins. Co. v. Fasciana*, No. 04 Civ. 7934 (LAP), 2006 WL 3714310, at *4 (S.D.N.Y. Dec. 13, 2006); *Macfarlane v. Village of Scotia*, 86 F. Supp. 2d 60, 64–65 (N.D.N.Y. 2000); *Chariot Plastics, Inc. v. United States*, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998).

violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (Friendly, J.)) (internal quotation mark omitted).

The sum total of Plaintiff's allegations regarding Defendants' use of force is a statement that Defendants "[s]tr[uck] [him] in the head without cause or justification for the use of such force." Compl. ¶ 11.  Stripped of legal conclusions, *see Iqbal*, 556 U.S. at 679, this amounts to a factual assertion that Plaintiff was struck in the head.  Because Plaintiff has not set forth any additional facts plausibly suggesting that this blow to his head was either more than de minimis or objectively unreasonable under the circumstances, he has not sufficiently pled a Fourth Amendment violation.  *See Betts v. Shearman*, No. 12 Civ. 3195 (JPO), 2013 WL 311124, at *10–11 (S.D.N.Y. Jan. 24, 2013); *Guo Hua Ke v. Morton*, No. 10 Civ. 8671 (PGG), 2012 WL 4715211, at *11 (S.D.N.Y. Sept. 30, 2012).  In light of this pleading failure, the Court need not decide whether the City is correct that Plaintiff's failure to receive medical attention is sufficient to show that any use of force was de minimis as a matter of law.  *But see Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011) ("[I]t is logically possible to prove an excessive use of *force* that caused only a minor *injury*, and a rule that forecloses a constitutional claim in that circumstance focuses on the wrong question.").  Plaintiff's excessive force claim is dismissed.

### D.  False IFP Application

In a footnote, the City argues that Plaintiff's complaint should be dismissed in its entirety because he falsely claimed *in forma pauperis* status. Def. Br. at 2 n.2.  The basis for this argument is the fact that Plaintiff settled a previous lawsuit against the City in January 2013, but did not disclose any income on the *in forma pauperis* application submitted along with his complaint in this action.  At this stage, it would be premature to dismiss Plaintiff's claims on this

ground.  Although Plaintiff's settlement agreement indicates that he would receive $3,000 from the City, *see* Stipulation of Settlement & Order of Dismissal ¶ 2, *McCord v. Rhoe*, No. 11 Civ. 5850 (WHP) (S.D.N.Y. Jan. 9, 2013), ECF No. 32, Plaintiff's application in this action is dated March 22, 2013—relatively shortly after that agreement was signed—and it is possible that the settlement payment was not remitted to Plaintiff immediately.  In the case that the City cites, there was actual evidence that "over $4000 was deposited in Plaintiff's inmate account" but was not reported on three subsequent *in forma pauperis* applications.  Order at 1, *Francis v. Scott*, No. 11 Civ. 4589 (LTS) (RLE) (S.D.N.Y. July 5, 2012), ECF No. 33.  Given the absence of such evidence here, the Court declines to dismiss Plaintiff's complaint at this stage.

## IV.    Conclusion

For the foregoing reasons, the City's motion is granted in part and denied in part. Plaintiff's claims are dismissed insofar as they center on (1) Defendants' alleged tampering with evidence and coercion of witnesses, (2) Plaintiff's interrogation, and (3) Defendants' alleged use of force.  Plaintiff's Fourth Amendment search and seizure claim survives.

Three final notes.  First, to the extent that Plaintiff's claims are dismissed, dismissal is without prejudice.  With respect to his evidence-tampering and witness-coercion (*Brady*) claim, *Heck* permits only without-prejudice dismissal because the claim may be reinstated should Plaintiff's conviction eventually be invalidated.  *See Amaker*, 179 F.3d at 52.  Similarly, the collateral estoppel bar to Plaintiff's *Miranda* claim may dissolve if the Second Department disagrees with the trial court's disposition of Plaintiff's motion to suppress his post-arrest statements.  This Court will "retain jurisdiction . . . in order to act on any motion arising from a reversal of the supreme court's judgment by the appellate division."  *Petrella v. Siegel*, 843 F.2d 87, 90 (2d Cir. 1988); *see also Chi. Ins. Co. v. Fasciana*, No. 04 Civ. 7934 (LAP), 2006 WL

10

3714310, at *4 (S.D.N.Y. Dec. 13, 2006). And although Plaintiff's bare-bones excessive force allegations currently fail to state a claim, he may be able to "contextualize his claim with facts that bolster this particular allegation's plausibility." *Betts*, 2013 WL 311124, at *11. The Court will therefore allow Plaintiff an opportunity to re-plead his excessive force claim.

Second, as noted above, it appears that the individual Defendants in this case, Angst and Denezzo, have not been served. This action cannot proceed against those Defendants if they have not been served. Notably, to the extent that Plaintiff's claims survive against the City alone, and not the individual Defendants, they are subject to the standards for § 1983 municipal liability set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Third, the Court notes that it may be appropriate to stay this action pending resolution of Plaintiff's criminal appeal. If Plaintiff's appeal challenges the same conduct that forms the basis of his search and seizure claim, the possibility that the Second Department will dispose of that challenge counsels hesitation before proceeding further on that claim in this Court. The Second Circuit has suggested that a stay may be appropriate under similar circumstances, "with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." *Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981); *see also Kirschner v. Klemons*, 225 F.3d 227, 237–39 (2d Cir. 2000); *Jackson*, 135 F.3d at 257. However, this Court is currently unable to ascertain whether the Second Department will, in fact, be addressing the same Fourth Amendment issues that Plaintiff raises here; if not, there would seem to be no reason to stay the litigation of his remaining claim.

In light of the foregoing, it is hereby ORDERED that Plaintiff must submit a letter to the Court by July 7, 2014. His letter should indicate whether he wishes to file an amended complaint or instead rest on his original complaint without re-pleading his excessive force claim.

If Plaintiff wishes to file an amended complaint, he should include a proposed amended complaint with his letter. Plaintiff's letter should also indicate whether he wishes to maintain his claims against Angst and Denezzo. The Court will consider extending his time to serve those Defendants if he demonstrates good cause for his failure to serve them within 120 days of the summons being issued. *See* Fed. R. Civ. P. 4(m). Plaintiff is cautioned that, in light of his prior lack of communication regarding the City's motion to dismiss, <u>failure to submit a letter by the July 7 deadline may result in dismissal of his remaining claim for failure to prosecute.</u> *See, e.g.*, *Robinson v. Sposato*, No. 13 Civ. 3334 (JFB) (WDW), 2014 WL 1699001, at *2 (E.D.N.Y. Apr. 24, 2014) (dismissing prisoner's suit for failure to prosecute because "plaintiff has shown no interest in continuing with this action").

It is further ORDERED that the City shall submit, by June 27, 2014, a letter regarding whether a stay of this action would be appropriate in light of the above-cited cases and any other relevant authority. Plaintiff may respond by letter on or before July 7.

This resolves Docket No. 15.

SO ORDERED.

Dated: June 6, 2014
     New York, New York

_____
ALISON J. NATHAN
United States District Judge