UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 0 - 2014

ANTHONY MCCORD,

           Plaintiff,

–v–

CITY OF NEW YORK, et al.,

           Defendants.

13-cv-2008 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute the action. For the reasons stated below, the motion is granted.

I.    BACKGROUND

    Plaintiff, who is currently incarcerated at Sing Sing Correctional Facility, filed this action under 42 U.S.C. § 1983 *pro se* on March 25, 2013. Dkt. No. 2 (Compl.). His complaint alleges that two New York Police Department officers violated several of his constitutional rights in the course of his arrest and prosecution on robbery, burglary, and assault charges. *Id.* The case was referred to Magistrate Judge Cott on August 21, 2013. Dkt. No. 8. On October 1, 2013, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. In light of his *pro se* status, the Court set an extended deadline of October 28, 2013 for Plaintiff to amend the Complaint or file his opposition to Defendants' motion to dismiss. Dkt. No. 18. The plaintiff had filed neither an amended complaint nor an opposition by November 15, 2013, so the Court issued another Order giving Plaintiff a final chance to file by December 16, 2013. Dkt. No. 19.

    Plaintiff again did not file, and on January 6, 2013, the Court granted Defendants' motion to consider the motion fully submitted. Dkt. No. 21. On June 6, 2014, the Court granted

1

Defendants' motion in part and denied it in part, and ordered the Plaintiff to file a letter by July 7, 2014 indicating whether he wished to file an amended complaint to state an excessive force claim or proceed on his original complaint. Dkt. No. 22. The order warned Plaintiff that failure to file a letter by the deadline could result in dismissal for failure to prosecute, in light of his lack of communication in response to the motion to dismiss. *Id.*

The Plaintiff again did not respond, and on August 11, 2014, the Defendants filed a letter requesting that the Court dismiss for failure to prosecute. Dkt. No. 24. In response, the Court set August 31, 2014 as a final deadline for the Plaintiff to submit a letter, and stated that it would dismiss his remaining claims for failure to prosecute if he did not respond. Dkt. No. 25. That deadline has since passed without a filing from the Plaintiff.

## II. DISCUSSION

Under Rule 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit has held that

> a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)) (alterations in original). Because "Rule 41(b) dismissal remains a 'harsh remedy to be utilized only in extreme situations,'" *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)), it is a remedy that should be "employ[ed] only when [the district court] is sure of the impotence of lesser sanctions.'" *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (quoting *Martens v. Thomann*, 273 F.3d 159, 179

2

(2d Cir. 2001)) (alterations in original). *Pro se* litigants are given special solicitude in complying with procedural requirements. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Even with this deference to Plaintiff's *pro se* status, dismissal is warranted here. First, the Court has received no communication from Plaintiff since the Complaint was filed nearly a year and a half ago. Second, the Court has extended deadlines for Plaintiff to file on several occasions, including with regard to the earlier motion to dismiss and with the more recent order to indicate Plaintiff's intent to proceed. Both of those extensions were accompanied by warnings that the action could be dismissed if Plaintiff did not respond, as was the Court's order directing Plaintiff to file a letter by July 7, 2014. Third, Defendants can have no means to prepare a defense or expect a resolution of this case in light of Plaintiff's failure to proceed at all since filing the Complaint. Fourth, Plaintiff has been given multiple opportunities to be heard, and a portion of his Complaint survived dismissal under Rule 12(b)(6) despite his lack of action. And fifth, there is no lesser sanction available after such a lengthy period of inaction. *See, e.g., Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case."); *Lehman v. Garfinkle*, No. 08 Civ. 9385 (SHS), 2013 U.S. Dist. LEXIS 149016, at *9 (S.D.N.Y. Oct. 16, 2013) ("Lehman has still not responded to this Court's September 24 order to show cause, making it unclear how any sanction short of dismissal with prejudice would prove effective."); *Blake*, 2012 U.S. Dist. LEXIS 15120, at *5-6 (dismissing case with prejudice for failure to prosecute after substantial period of time passed with no contact from plaintiff); *Jones v. Reid*, No. 85 Civ. 4515 (PKL), 1990 U.S. Dist. LEXIS 14591, at *7 (S.D.N.Y. Oct. 25, 1990) (dismissing case with prejudice due to "plaintiff's refusal to comply with [magistrate judge's] repeated orders [that] caused [the] case to stagnate for almost a year").

### III. CONCLUSION

The motion to dismiss for failure to prosecute is GRANTED. This action is dismissed with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its

order would not be taken in good faith and, therefore, that in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Sept. 4, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge